IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAREN HASMUKHBHAI PATEL, | No. 2:13-CV-1640-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| RANDY GROUNDS, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court."  Here, it is clear that the petitioner is not entitled to relief in this court because it lacks jurisdiction.  Specifically, it is clear that the instant petition is a second of successive petition filed without prior leave of the Ninth Circuit court of Appeals.  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall

1

be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

      Upon review of the instant petition, the court concludes that the court lacks jurisdiction because the instant petition is a second or successive petition filed without prior leave of the Ninth Circuit Court of Appeals. Petitioner raised the same claims in a prior petition, Patel v. Swarthout, Eastern District of California case no. 2:09-CV-2923–MCE-CMK-P, filed on October 20, 2009. That case was denied on the merits on February 1, 2011, and the Ninth Circuit Court of Appeals denied a certificate of appealability on January 26, 2012. Petitioner has not provided any order from the Ninth Circuit permitting the instant petition.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed, without prejudice, for lack of jurisdiction.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.  If petitioner agrees that this action is second or successive of his prior petition, having been filed without leave of the Ninth Circuit to do so, he should file a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

IT IS SO ORDERED.

DATED:  September 25, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3